IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINOR JGE et al.,

        Plaintiffs,

                                          Civ. No. 14-710- MV

   v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs Minor JGE et al.'s Motion for Disqualification of the United States Attorney's Office for the District of New Mexico and for Recusal of the Honorable Martha Vazquez from Presiding Over This Matter. [Doc. 86]. The Motion concerns the fact that the Court's part time permanent law clerk is the spouse of recently appointed United States Attorney for the District of New Mexico, John Anderson. This Court, having considered the Motion, briefs, relevant law and being otherwise fully informed, hereby denies the motion.

**I. Background**

On October 12, 2014, Plaintiffs filed their First Amended Complaint against the United States and six individual defendants. [Doc. 19]. Plaintiffs asserted claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"). *Id.* They asserted claims against the six individual Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), for violation of JGE's and Jason Estrada's Fifth Amendment substantive due process rights to be free from bodily harm, and for violation of the First Amendment and Fifth Amendment rights of JGE, Gabriela Gallegos, Jolene Estrada and Joyce Estrada to a continuing

relationship with Jason Estrada. *Id.*

The individual defendants filed a Motion to Dismiss Based on Qualified Immunity and Memorandum in Support. [Doc. 43]. The United States filed a Motion to Dismiss for Failure to State a Claim and Memorandum in Support [Doc. 44], and a Rule 12(c) Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction. [Doc. 59].

On August 9, 2016, the Court granted the individual Defendants' Motion to Dismiss Based on Qualified Immunity and the United States' Rule 12(c) Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction [Doc. 75]. The Court found the United States' Motion to Dismiss for Failure to State a Claim to be moot. *Id.* On August 29, 2016, Plaintiffs filed their Motion to Alter or Amend the Court's Memorandum Opinion and Judgment as to Defendant United States Pursuant to Fed. R. Civ. P. 59(e). [Doc. 77]. That motion is pending before the Court.

This Court's permanent law clerk is married to recently appointed United States Attorney for the District of New Mexico, John Anderson. She was initially hired as a law clerk in 2002, left for private practice in 2005, and returned as the Court's permanent clerk in September 2011. Mr. Anderson was an Assistant United States Attorney in this District from around fall 2008 to fall 2013. During that time and even after Mr. Anderson returned to private practice in 2013, he was on this Court's recusal list. In early June, 2016, the Court's permanent clerk went on a sudden and unexpected medical leave. She returned to work on January 22, 2018, on a part time basis. Upon her return to work, the Court was already aware that Mr. Anderson was likely to be appointed United States Attorney, as he had been nominated by President Trump in November, 2017. Accordingly, in anticipation of his confirmation, the Court ensured that his wife would be screened from having any involvement in matters to which the United States is a party.

The Court has two other full time law clerks. However, in regards to small a handful of civil matters to which the United States is a party, the Court was concerned about the already lengthy delay on pending motions and the potential for even further delay as a result of its part time permanent clerk being unable to work on these matters. On February 15, 2018, the Court conducted a telephonic case status conference in another case, *Mohammad Awad v. United States,* Civ. No. 15-373-MV. The Court apologized for the delay in ruling on a pending motion in the *Awad* case and advised the parties that its permanent law clerk had developed a conflict of interest as the result of the nomination and anticipated confirmation of her husband as United States Attorney. *Id.*[1] The Court explained that in light of this conflict, the permanent clerk would be firewalled from having any involvement in matters to which the United States is a party, including the *Awad* case.

The Court explained that because it anticipated further delay due to this conflict and the already heavy workloads of its two full time clerks, the Court would inquire whether the parties would consent to referral of the case to the presiding Magistrate Judge. The Court advised that if the parties did not consent, the motion would be referred to the Magistrate Judge for a recommended disposition, in order to reduce further delay. *Id.* Plaintiff's counsel Erlinda Johnson then asked whether the Court would recuse itself from the *Awad* case as well as the instant case, based on the pending appointment of Mr. Anderson as United States Attorney. She advised that she was contemplating filing motions to disqualify the U.S. Attorney's office and for the Court's recusal from both cases. Assistant U.S. Attorney Ruth Keegan stated that the government would oppose any motion for disqualification or recusal. The Court advised the parties it would not recuse from either this case or *Awad* without a motion. *Id.*

---

[1] Mr. Anderson's nomination was confirmed by the United States Senate Judiciary Committee on February 15, 2018, and he was sworn into office on February 16, 2018.

The following day, February 16, 2018, Plaintiffs filed the instant motion, contending that (1) the U.S. Attorney's Office for the District of New Mexico must be disqualified based on Mr. Anderson's appointment as United States Attorney for the District of New Mexico; and (2) the Court should recuse from the case in order to avoid the appearance of impropriety. The Court first addresses the recusal motion.

## II. Plaintiff's Motion to Recuse

Under 28 U.S.C. § 455(a), federal judges must recuse themselves "in any proceeding in which [their] partialities might reasonably be questioned." The test in this circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000) (citations omitted). The Tenth Circuit "has long held that 'section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice," and moreover, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.* (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 2000) (internal citations omitted)).

"[T]here is a substantial burden on the moving party to demonstrate the judge is not impartial." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted). *See also In re Medtronic, Inc. Sprint Fidelis Leads Product Liability Litigation*, 601 F. Supp.2d 1120, 1124 (D. Minn. 2009) ("Judges are presumed to be impartial; accordingly a party seeking recusal bears "the *substantial* burden of proving otherwise.") (emphasis in original) (quotation marks and citation omitted)). The fundamental test under § 455(a) is whether the reasonable person knowing all the relevant facts would harbor doubts about the judge's impartiality. *U.S. v. Stewart*, 378 Fed. Appx. 773, 777 (10th Cir. 2010) (*citing Hinman*, *supra*). The test is an

objective one, *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994), and the appearance of bias must be reasonable in light of all the facts—not just those facts selected by the movant. *Hinman*, *supra*. The hypothetical reasonable person "is not a person unduly suspicious or concerned about a trivial risk that a judge might be biased." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Importantly, "[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1311 (quoting *Hunt v. Am. Bank & Trust Co.*, (11th Cir. 1986)). "If a law clerk continues to work on the case in which his or her impartiality might reasonably be questioned, however, the clerk's actual or potential conflict may be imputed to the judge." *Id.* (citing *Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983)).

The Court has made every effort to comprehend Plaintiff's concerns about the appearance of the Court's impartiality. However, Plaintiff has not shown why the Court's steps to screen its permanent clerk from any involvement in the instant case are insufficient to prevent the clerk's conflict from being imputed to the Court. When the permanent law clerk returned to work part time on January 22, 2018, the Court was aware of her husband's impending confirmation as United States Attorney and only assigned her work on civil cases to which the United States is not a party. The Court's staff was instructed not to discuss with this clerk cases involving the United States. Plaintiff's Motion does not seem to take issue with these steps. Rather, Plaintiff repeatedly mentions that the possibility that this clerk worked on this matter in the past, before her husband became U.S. Attorney, raises a reasonable question as to the Court's impartiality. The Court does not follow or agree with this reasoning. The law clerk's conflict did not come into being until Mr. Anderson was sworn in on February 16, 2018. If the clerk worked on this

5

case before she went on medical leave, during a time when her husband was in private practice and had no connection to the case, her past involvement would not affect the Court's impartiality towards this case going forward.

In sum, when the clerk returned to chambers after a medical leave of nearly 20 months, the Court anticipated her husband's appointment as U.S. Attorney and only assigned her work on civil matters not involving the United States. The Court's staff was instructed not to discuss with this clerk any criminal cases or any civil cases to which the United States is a party. Because the Court "prophylactically screened this law clerk from working on any criminal or civil case involving the United States" before the conflict arose, the law clerk's conflict cannot be imputed to the Court. *See United States v. Reggie*, 2014 WL 1664256, at *3 (M.D. La. Apr. 25, 2014).

In *Reggie*, the district court denied a motion for recusal where its law clerk was the spouse of the newly appointed United States Attorney in that district. At the time the law clerk was hired, the law clerk's spouse was an Assistant United States Attorney. The court "conducted legal research, contacted the Administrative Office for the United States Courts, and conferred with other judges who employ conflicted law clerks to determine the best means and manner of screening the subject law clerk in order to assure compliance with ethical obligations and best practices." 2014 WL 1664256 at *3. As a result of these inquiries, the court shielded the clerk "from any and all cases involving the United States since the date of the clerk's hire." *Id*. Similarly, upon Mr. Anderson's nomination for United States Attorney and his wife's return to work part time, the Court, as in *Reggie*, conducted legal research and contacted counsel at the Administrative Office for the United States Courts, who agreed that the aforementioned steps to firewall the law clerk are sufficient to ensure that the law clerk's conflict may not be imputed to the Court.

Accordingly, because Plaintiff's motion "is unsupported by the facts and applicable jurisprudence, the Court finds that recusal in this case would be based on no more than unsupported, irrational or highly tenuous speculation." *Reggie*, 2014 WL 1664256 at *4 (quoted authority omitted).

Consideration of the relevant codes of conduct yields the same result. The Code of Conduct for United States Judges provides, in pertinent part:

> CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY
>
> * * *
>
> (C) *Disqualification.*
>
> > (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> * * *
>
> > > (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such person is:
> > >
> > > > (i) A party to the proceeding, or an officer, director, or trustee of a party;
> > > >
> > > > (ii) acting a lawyer in the proceeding;
> > > >
> > > > (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
> > > >
> > > > (iv) to the judge's knowledge likely to be a material witness in the proceeding.

The conflict at issue pertains to the Court's law clerk. U.S. Attorney Anderson has no familial relationship to the Court. Accordingly, disqualification of the Court is not required under to Canon 3 (C)(1)(d).

The Compendium of Selected Opinions states, in pertinent part:

§ 3.5-1 Isolating Judge's Staff When Relatives or Relatives' Interests are Involved in Litigation [Judicial Employees]

(a-1) Law clerk whose spouse is, or has been, the U.S. Attorney may not work on any case in which the spouse has been directly or indirectly involved, including any case that was investigated or prosecuted, or otherwise litigated, by the U.S. Attorney's office during the spouse's tenure as U.S. Attorney.[2]

The steps the Court has taken to screen its law clerk from matters involving the United States Attorney's Office satisfies the above guidance. Additionally, the Code of Conduct for Judicial Employees provides, in pertinent part:

Canon 3(F) Conflicts of Interest

* * *

(2)(a) A staff attorney or law clerk should not perform any official duties in any matter with respect to which such staff attorney or law clerk knows that:

* * *

(iv) He or she, [or] a spouse . . . (A) is a party to the proceeding, or an officer, director or trustee of a party; (B) is acting as a lawyer in the proceeding; (C) has an interest that could be substantially affected by the outcome of the proceeding; or (D) is likely to be a material witness in the proceeding.

Again, at the time the government's first Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim was adjudicated in 2016, whether or not this clerk worked on the case, no conflict of interest existed. The presidential election had not yet taken place, and Mr. Anderson was in private practice and had not been nominated as United States Attorney. However, the law clerk's return to work in late January 2018, combined with Mr. Anderson's impending appointment as United States Attorney clearly implicated Canon 3(F)(2)(a)(iv). In light of this conflict, when the Court's permanent clerk returned to chambers in late January 2018, the Court took steps to screen the clerk from any matters to which the

---

[2] http://jnet.ao.dcn/policy-guidance/guide-judicary-policy/volume-2-ethics-and-judicial-conduct/part-b-ethics-advisory-opinions/ch-3-compendium-selected-opinions.

United States is a party. The clerk was only assigned work on civil cases not involving the United States, and the Court's staff was instructed not to discuss with this clerk any criminal cases or any civil cases to which the United States is a party. Through its own research and consultation of the Administrative Office for the United States Courts, the Court is confident that these steps satisfy the above codes of conduct.

Finally, "the statutory guidance for recusal must also be read in light of the judge's 'duty to sit' on cases filed with the court." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)) (citations omitted). The Court must be mindful "that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols*, *supra* (citations omitted).

In light of the steps the Court has taken to firewall its law clerk from having any involvement in this case, Plaintiffs have failed to articulate, let alone allege, any reasonable doubt about the Court's impartiality. The District Court of New Mexico has one of the heaviest criminal caseloads in the country. Were the Court to recuse from this case in order to avoid what Plaintiffs baselessly contend is "the appearance of impropriety," the Court would be opening itself up to demands for recusal from its entire criminal docket. Given that the Court's current practice of firewalling this law clerk sufficiently shields the Court from the conflict, the Court must not unnecessarily burden the other judges in the district.

The Court concludes that Plaintiffs have failed to meet their burden of proving facts that would justify recusal. *Switzer*, *supra*. Accordingly, Mr. Plaintiffs' Motion to Recuse is denied.

## II. Motion for Disqualification of the United States Attorney's Office

Plaintiffs argue the entire U.S. Attorney's Office for the District of New Mexico should be disqualified because of this conflict. They state:

9

> Given the conflict of interest between the law clerk's duties to this Court and her loyalty to her husband, U.S. Attorney John Anderson, this Court must disqualify the U.S. Attorney's Office. Plaintiff and the public will wonder if counsel for defendant has gained information which would give defendant an unfair advantage in this matter.

[Doc. 86 at 5].[3]

As previously noted, the Court implemented strict procedures that have resulted in a complete firewall around its law clerk with respect to any litigation involving the United States. Plaintiffs offer no evidence that anyone in the United States Attorney's Office or judicial chambers has breached or attempted to breach the firewall. Counsel merely suggests that "Plaintiffs and the public will wonder." [Doc. 86 at 5]. Accordingly, the Court concludes that Plaintiffs have not met their burden of proving facts requiring disqualification of the United States Attorney's Office.

---

[3] The Tenth Circuit has stated:

> Disqualifying the entire USA's office from representing the government raises important separation of powers issues. *United States v. Silva-Rosa*, 275 F.3d 18, 22 (1st Cir. 2001) (finding that disqualification of government attorneys can 'trigger weighty separation of powers concerns'). These concerns are undoubtedly jurisprudentially important. *United States v. Whittaker*, 268 F.3d 185, 192 (3d Cir. 2001) (finding that an order disqualifying a United States Attorney's office from a criminal prosecution is "a jurisprudentially important issue").

*United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003).

## III. Conclusion

For the reasons set forth above, Plaintiffs' Amended Motion for Disqualification of the United States Attorney's Office for the District of New Mexico and for Recusal of the Honorable Martha Vazquez from Presiding Over this Matter [Doc. 86] is denied.

ENTERED this 28th day of March, 2018.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Erlinda O. Johnson | Ruth Fuess Keegan |
| *Attorney for Plaintiffs* | ASSISTANT UNITED STATES ATTORNEY |
| | *Attorney for the United States* |